[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12010

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FERNEY SALAS TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00047-SCB-JSS-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Ferney Salas Torres appeals his sentence of 30 months' imprisonment imposed upon revocation of his supervised release. Torres argues that the district court procedurally erred by considering the retributive purposes of sentencing, found in 18 U.S.C. § 3553(a)(2)(A), which is omitted from the list of § 3553(a) factors to consider at revocation under 18 U.S.C. § 3583(e).

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). When reviewing for reasonableness, we review *de novo* legal questions, including whether the district court considered impermissible sentencing factors. *Id.*

We will review to ensure that the district court committed no significant procedural errors, such as a district court's consideration of an improper § 3553(a) factor. *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014). When determining whether to revoke a term of supervised release and impose a new imprisonment term, the court must consider a number of the § 3553(a) factors: the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need to afford adequate deterrence to criminal conduct, (a)(2)(B); the need to protect the public, (a)(2)(C); the need to provide the defendant with training or treatment, (a)(2)(D); the kinds of sentencing range

established for that offense, (a)(4); any policy statements from the Sentencing Commission, (a)(5); the need to avoid unwarranted sentence disparities between similarly situated defendants, (a)(6); and the need to provide restitution, (a)(7).  18 U.S.C. § 3583(e)(3); *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  Excluded from the list of factors for the court's consideration when imposing a new term of imprisonment upon revocation of supervised release is § 3553(a)(2)(A), which includes the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  18 U.S.C. § 3583(e)(3); *see also* 18 U.S.C. § 3553(a)(2)(A).

In *Tapia v. United States*, 564 U.S. 319 (2011), the Supreme Court explained that the Sentencing Reform Act provides guidance regarding which purposes of sentencing may apply differently depending on the kind of sentence being imposed and that "[f]or example, a court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release." *Tapia*, 564 U.S. at 326 (emphasis in original).  In *Vandergrift*, we noted that this statement in *Tapia* was dicta.  754 F.3d at 1308 n.3.

In *Vandergrift*, we held that it was not plain error for the district court to consider § 3553(a)(2)(A) when imposing a sentence upon revocation of supervised release.  754 F.3d at 1308-09.  We noted that, although § 3583(e) does not include § 3553(a)(2)(A) in the list of permissible factors for consideration in a revocation sentence, nothing in § 3583(e) explicitly prohibited its consideration.

*Id.* at 1308. Further, we concluded that because the Supreme Court had not addressed whether the consideration of § 3553(a)(2)(A) in a revocation sentence was an error, because we had not yet addressed the issue in a published opinion, and because there was a circuit split on the issue, any alleged error could not be plain. *Id.* at 1308-09.

In *United States v. King*, 57 F.4th 1334 (11th Cir. 2023), we stated in a footnote regarding §§ 3583(e) and 3553(a)(2)(A):

> Section 3583(e) does not include § 3553(a)(2)(A) as an applicable factor. . . . While it appears that Congress did not intend that courts consider § 3553(a)(2)(A) when imposing a prison sentence after revoking supervised release, [we have] not resolved that question, and there is a circuit split on the issue. In *Sweeting*, we suggested in dicta that § 3553(a)(2)(A) is an applicable factor under § 3583(e). This issue is not in dispute here.

57 F.4th at 1338 n.1 (*citing United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006)) (citation omitted).

The Sentencing Guidelines provide that a sentence imposed upon revocation should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). The Sentencing Commission chose not to sanction violators for the conduct of the revocation as if that conduct was being sentenced as

new federal criminal conduct because "the court with jurisdiction over the criminal conduct leading to revocation is the more appropriate body to impose punishment for that new criminal conduct" and "as a breach of trust inherent in the conditions of supervision, the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." *Id*. The Guidelines highlight that this approach is also to avoid courts assuming a duplicative sanctioning role. *Id*.

Contrary to Torres's suggestion, we need not in this case decide whether it is error, plain or otherwise, for a district court—in sentencing for a revocation of a supervised release—to consider § 3553(a)(2)(A) factors. Our careful review of the sentencing proceedings here persuades us that the most reasonable interpretation thereof is that the district court did not consider § 3553(a)(2)(A) factors, the factors omitted from the list of § 3553(a) factors to consider at revocation under § 3553(e)(3). We believe that the court's commentary at sentencing reflected a concern with Torres's repeated breach of the court's trust by committing the same criminal conduct while on supervised release. Accordingly, we conclude that the district court did not commit procedural error.

It is true that the government—in arguing for a consecutive sentence at the high end of the Guideline range—did mention, among several other appropriate factors, promotion of respect for the law, which is one of the § 3553(a)(2)(A) factors. However, the district court itself never mentioned any of the § 3553(a)(2)(A) factors. Rather, the district court repeatedly emphasized the fact that

6                    Opinion of the Court                    23-12010

Torres had repeated the same criminal conduct for which the court had originally sentenced him, constituting multiple violations of the supervised release to which the court had sentenced him. We believe that the court's commentary reflects a concern that Torres's violations of supervised release by committing the same crimes again represented a breach of trust. We cannot conclude that the court *sub silencio* adopted the prosecutor's passing mention of one of the § 3553(a)(2)(A) factors. Our conclusion in this regard is bolstered by the fact—at the very beginning of the sentencing proceeding (of course, long before the prosecutor's inappropriate comment)—the court expressed a preliminary inclination to sentence Torres to the maximum guideline because, after the court had originally sentenced him to 10 years, he got out and he's back "doing the same thing again." Doc. 22 at 11.

Accordingly, we reject Torres's invitation to infer from the court's commentary that the court was punishing Torres for the new crime.[1] Rather, we conclude that the court's reference to Torres's commission of the same criminal conduct while on

---

[1] The retributive inference that Torres invites is unreasonable not only for the reasons set out above. When defense counsel—in arguing that the revocation sentence should be concurrent—argued that all of the aggravating circumstances (including that the crime had been committed while Torres was on supervised release) had already been considered by the Southern District of New York in sentencing Torres to 20 years for the new crime, the district court expressly agreed with defense counsel that the 20-year sentence was "nothing to scoff at." Doc. 22 at 15. In other words, the district court here expressly agreed that the Southern District of New York's sentence for the new crime was adequate punishment.

supervised release was commentary on the nature and circumstances of the offense, the history and characteristics of Torres, the need to afford adequate deterrence, or Torres's breach of the court's trust, all of which are permitted for consideration upon revocation. 18 U.S.C. § 3583(e); U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). The district court's comments here that a consecutive sentence was warranted because Torres was sentenced for a crime, was released after serving his sentence, and did "the exact same thing all over again" were not based on a need to punish but, rather, reflected that Torres had a history of violating conditions of supervised release and that the district court had overseen Torres's case since 2008. Because the court's comments reflected other, permissible, concerns, the sentence is

**AFFIRMED**.